UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE A. DUDLEY, II,<br><br>Plaintiff,<br><br>v.<br><br>LORI KOHLER, et al.,<br><br>Defendants. | No. 2:17-cv-2308 MCE AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (citations omitted), <u>abrogated on other grounds by</u> <u>Neitzke</u>, 490 U.S. at 323-24 & n.3 (holding that a complaint that fails to state a claim is not necessarily frivolous).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969) (citations omitted).

III.     Complaint

Plaintiff alleges in his complaint that defendants, doctors Kohler and Largoza and nurses Lee and Baumert, violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical need. ECF No. 1. On April 30, 2015, after plaintiff tore his Achilles tendon in a basketball tournament, Kohler visually inspected his ankle and instructed him to report to radiology. Id. at 3-4. Plaintiff voiced his concern about his injury and the distance he had to walk, and Kohler assured him he would be seen by another doctor after his x-rays were completed. Id. at 4. However, upon completion, the x-ray technician told him no doctors were available, and he would receive a pass if a follow up was required. Id. He further alleges that Kohler failed to perform the standard "Thompson Test" during this initial visit, which would have revealed his torn Achilles tendon, and that she failed to alleviate his pain by providing medication or a walking aid. Id. at 4.

About a week later, plaintiff was visually inspected by Lee, who refused his request to see a doctor. Id. at 4-5. Lee told him that there were no doctors there to see him, brought him pain medication and a bag of ice, and wrote him two passes—one for more ice and one for the RN Clinic three days later. Id. at 5.

////

About two weeks later, plaintiff reiterated his pain and suffering to Baumert. Id. Baumert told him there were no doctors in that day and that nothing could be done for him, that a referral for an MRI had already been submitted, and that he would be seen by a doctor in a little over a week—on May 28, 2015. Id. Baumert then told plaintiff to stay off his leg as much as possible and to be patient. Id. However, on May 28, 2015, Kohler canceled his appointment despite being aware at that point that plaintiff was suffering from a torn Achilles tendon. Id. at 6.

On June 5, 2015, plaintiff was finally officially diagnosed with a ruptured Achilles tendon and was supposed to return to the hospital the next week for surgery. Id. at 6. However, by June 23, 2015, he had yet to be scheduled for surgery. Id. at 7. On July 10, 2015, more than a month after his diagnosis and approximately two and a half months after the injury occurred, plaintiff's surgery was finally performed. Id. at 7. Plaintiff alleges that Largoza, as supervisor of all physicians at Solano State Prison and the person responsible for approving plaintiff's surgery, was responsible for the delayed approval of surgery. Id. at 6-7.

### IV. Deliberate Indifference

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires the plaintiff to show (1) "a 'serious medical need'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991)).

A plaintiff shows "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" Id. (some internal quotation marks omitted) (quoting McGuckin, 974 F.2d at 1059). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.2d at

4

1059-60 (citations omitted), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

To satisfy the second requirement, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Because "deliberate indifference" is a subjective standard, it requires showing a defendant had actual knowledge of an excessive risk of serious harm. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  Medical malpractice, simply because the victim is a prisoner, is not a Constitutional violation. Estelle, 429 U.S. at 106.  Similarly, a difference of opinion between medical professionals regarding appropriate medical diagnosis and treatment is not enough to establish deliberate indifference. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)).

    A.    Claims That Will Require a Response

Plaintiff has sufficiently pled an Eighth Amendment claim against Kohler.  He alleges that Kohler failed to alleviate his pain by providing him pain medication or a walking device during his initial visit on April 30, 2015, and also asserts that Kohler was aware of his torn Achilles on May 28, 2015, but failed to address this serious medical need and instead cancelled his appointment. ECF No. 1 at 3-4, 6.  Thus, plaintiff's allegations against Kohler are sufficient to support the element of deliberate indifference and his claim against Kohler may proceed.

    B.    Claims That Fail to State a Claim for Relief

        i.    Lee

Although plaintiff alleges Lee's "failure to alleviate plaintiff's pain, as well as honor plaintiff's request to see a Doctor" was deliberately indifferent, he also alleges that his request to see a doctor was denied because no doctor was available, and that Lee wrote him a pass to attend the RN clinic three days later[1] and provided pain medicine and ice. ECF No. 1 at 5.  Lee's conduct, as alleged, does not demonstrate deliberate indifference because it shows that Lee

---

[1] Review of the dates provided by plaintiff in the complaint show that he was seen by Lee on a Friday and was written a pass for the clinic on the following Monday. ECF No. 1 at 5; Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1    addressed plaintiff's medical requests, even if it was not in the exact manner sought by plaintiff.

2    Furthermore, how Lee's conduct contributed to the delay in plaintiff's treatment is unclear. Thus,

3    plaintiff fails to state a viable claim against Lee.

4          ii. <u>Baumert</u>

5    Similarly, plaintiff alleges Baumert's "failure to alleviate plaintiff's pain, as well as deny

6    him to be seen by a doctor was deliberately indifferent" and contributed to the delay in his

7    treatment. <u>Id.</u> at 5-6. However, plaintiff also alleges that Baumert denied his request to see a

8    doctor because no doctor was available and plaintiff already had an upcoming appointment

9    scheduled. <u>Id.</u> at 5. There is no indication that Baumert would have had reason to believe that

10   plaintiff needed to see a doctor on a more urgent basis. Furthermore, plaintiff does not allege that

11   he requested and was denied treatment for his pain or otherwise explain how Baumert failed to

12   alleviate his pain. Nor does he explain how Baumert's conduct contributed to the treatment

13   delay, as there is no indication that Baumert had anything to do with the cancellation of his

14   doctor's appointment. Thus, plaintiff has failed to establish Baumert acted with deliberate

15   indifference, and accordingly, failed to assert a viable claim against Baumert.

16          iii. <u>Largoza</u>

17   Plaintiff alleges that Largoza, who was responsible for approving plaintiff's surgery, was

18   deliberately indifferent by delaying his approval. <u>Id.</u> at 6-7. However, the complaint does not

19   clearly allege how Largoza contributed to the delay. Plaintiff fails to allege when Largoza

20   received the surgery request, when he approved it, or whether the timing of Largoza's approval

21   deliberately impacted scheduling and available surgery appointment slots. Furthermore, the

22   response plaintiff references regarding the delay in scheduling indicates that the outside hospital

23   was responsible for the delay since the prison was still waiting for the surgeon to provide a

24   surgery date. <u>Id.</u> at 39. Without more information, plaintiff's allegations are insufficient to

25   establish that Largoza caused the delay in surgery. Accordingly, plaintiff failed to assert a viable

26   claim against Largoza.

27     V.     <u>Leave to Amend</u>

28   For the reasons set forth above, the court finds that the complaint does not state

1   cognizable claims against Lee, Baumert, and Largoza.  However, it appears that plaintiff may be
2   able to allege facts to remedy this and he will be given the opportunity to amend the complaint if
3   he desires.
4       Plaintiff may either (1) proceed forthwith to serve defendant Kohler on his claim of
5   deliberate indifference, abandoning claims against other defendants, or (2) he may delay serving
6   any defendant and amend the complaint.
7       Plaintiff will be required to complete and return the attached notice advising the court how
8   he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to
9   file an amended complaint.  If plaintiff elects to proceed on his claim against defendant Kohler
10  without amending the complaint, the court will proceed to serve the complaint.  A decision to go
11  forward without amending the complaint will be considered a voluntarily dismissal without
12  prejudice of the claims against Lee, Baumert, and Largoza.
13      If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
14  about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,
15  423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named
16  defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).
17  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
18  connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,
19  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official
20  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,
21  268 (9th Cir. 1982) (citations omitted).
22      Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
23  his amended complaint complete.  Local Rule 220 requires that an amended complaint be
24  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
25  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
26  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th
27  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled
28  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

7

the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not.  Your allegations against Kohler are enough to state a claim.  Accordingly, Kohler will have to answer the complaint and you may proceed with your claim against him.

Your allegations against Lee, Baumert, and Largoza are not enough to show they violated your rights.  To proceed against them, you must provide facts showing that these defendants knew there was a risk to your health and ignored that risk.  Just saying that they failed to alleviate your pain or delayed your treatment is not enough.

You have a choice to make.  You may either (1) proceed immediately on your deliberate indifference claim against Kohler and voluntarily dismiss the other claims, or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims of deliberate indifference against Lee, Baumert, and Largoza.  If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims and information not in the amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendant to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3.  Plaintiff's allegations against defendants Lee, Baumert, and Largoza do not state claims for which relief can be granted.

    4.  Plaintiff has the option to proceed immediately on his deliberate indifference claim against defendant Kohler as set forth in Section IV.A above, or to amend the complaint.

    5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against Lee, Baumert, and Largoza.

DATED: June 23, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE A. DUDLEY, II,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LORI KOHLER, et al.,<br><br>　　　　Defendants. | No.  2:17-cv-2308 MCE AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his deliberate indifference claim against defendant Kohler without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendants Lee, Baumert, and Largoza pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　Clyde A. Dudley, II
　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1