UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE A. DUDLEY, II., | No. 2:17-cv-2308 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| LORI KOHLER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that his imprisonment limits his ability to litigate, he has no physical access to the law library, the issues are complex, and he will require assistance at trial. ECF No. 21. The circumstances alleged by plaintiff are common to most prisoners and therefore do not establish the necessary exceptional circumstances. Furthermore, the court is unable to assess plaintiff's likelihood of success on the merits at this stage, and any request based on the need for counsel at trial is premature because it has yet to be determined whether this case will go to trial.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, ECF No. 21, is DENIED.

DATED: February 3, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE