UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE A. DUDLEY, II,<br><br>Plaintiff,<br><br>v.<br><br>LORI KOHLER, et al.,<br><br>Defendants. | No. 2:17-cv-2308 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendant Kohler's motion to dismiss, ECF No. 23, which plaintiff opposes, ECF No. 25.

I. Procedural History

By order filed June 23, 2020, the undersigned screened the complaint and found that plaintiff had stated a claim for relief against defendant Kohler for deliberate indifference, while his allegations against Lee, Largoza, and Baumert were insufficient. ECF No. 6. Plaintiff was given the option to amend the complaint in order to pursue his claims against defendants Lee, Largoza, and Baumert or to proceed on the complaint as screened. Id. at 9. Plaintiff elected to voluntarily dismiss the claims against Lee, Largoza, and Baumert and proceed against Kohler alone. ECF No. 9. In lieu of an answer, defendant Kohler filed the instant motion to dismiss. ECF No. 23.

II. Motion to Strike

Following defendant's reply in support of her motion to dismiss, plaintiff filed an additional "rebuttal," ECF No. 27, which defendant has moved to strike as an unauthorized sur-reply, ECF No. 28.

Neither the Federal Rules of Civil Procedure nor the Local Rules contemplate the filing of a sur-reply, and the court did not request nor did plaintiff seek leave to file a sur-reply. Because plaintiff's sur-reply consists of the same arguments contained in his opposition, nothing in the sur-reply compels the court to authorize its filing and the motion to strike will be granted.

III. Plaintiff's Allegations

Plaintiff alleges that defendant Kohler violated his Eighth Amendment rights by improperly evaluating his torn Achilles tendon and delaying treatment for the same injury. ECF No. 1. Kohler was the first medical provider to inspect plaintiff after he was injured in a basketball tournament on April 30, 2015. Id. at 3. After visually inspecting the ankle, Kohler directed plaintiff to radiology and assured him that he would be seen by another doctor after completing x-rays. Id. at 3-4. Plaintiff voiced his concerns about his pain and the distance he had to walk to reach radiology, but Kohler did not offer any form of a walking device or pain medication. Id. at 4. Kohler also failed to perform the standard "Thompson Test" during the initial evaluation, which would have indicated a torn Achilles tendon. Id.

After his initial exam by Kohler, plaintiff was seen by two RNs, who assured him that he would see a doctor as soon as one was available. Id. at 5. However, after finally being scheduled to see a doctor on May 28, 2015, Kohler cancelled plaintiff's appointment despite being aware that he had a torn Achilles tendon. Id. at 6. On June 5, 2015, plaintiff was finally told that he had ruptured his Achilles tendon, at which time he was given a CAM boot, cane, and pain medication, and he received surgery on July 10, 2015. Id. at 6-7.

IV. Motion to Dismiss

A. Overview

Defendant moves to dismiss the complaint on the ground that it is barred by the judgement in Dudley v. Kohler (Dudley I), Solano County Superior Court Case No. FCS046870. ECF No.

23. Kohler argues that although plaintiff asserted a medical negligence claim in Dudley I, the case is based on the same underlying facts and alleged wrongdoing that support the current Eighth Amendment claim. Id. at 6. Claim preclusion therefore bars the present action because there was a final judgement on the merits in Dudley I, to which plaintiff and Kohler were parties, thereby barring his re-litigation of the claim. Id. at 6-7.

Plaintiff opposes the motion and argues that claim preclusion should not apply because during the pendency of Dudley I he requested that the case be stayed for this court to exercise supplemental jurisdiction over the matter, but the state proceeding continued and summary judgement was granted for defendants. ECF No. 25 at 2. He also asserts that the issues are different because the state law case was based on medical malpractice while this action is based on an Eighth Amendment violation, the state court did not have jurisdiction to consider the Eighth Amendment claim, and this court declined to assume jurisdiction over his state law claim. Id. at 3-7. Finally, plaintiff argues that claim preclusion does not apply because he filed the instant claim before there was a final judgement in Dudley I. Id. at 5.

### B. Legal Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

In order to survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). The defense of *res judicata* may be properly raised in a motion to dismiss under Rule 12(b)(6) when there are no disputed facts. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (citations omitted).

### C. Request for Judicial Notice

Defendant requests that the court take judicial notice of the proceedings in Dudley I. ECF No. 24. The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted); Fed. R. Evid. 201(b)(2) (court may take

judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

> When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.

United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003) (internal citations omitted). Accordingly, the request for judicial notice will be granted.

### D. Claim Preclusion

"Generally speaking, a prior judgment between the same parties 'is *res judicata* on matters which were raised or *could have been raised*, on matters litigated or litigable.'" Kim v. Reins Int'l Cal., Inc., 9 Cal. 5th 73, 92-93 (2020) (emphasis added) (citation omitted). "Federal courts . . . are required by federal law to apply res judicata to state court decisions." S. Pac. Transp. Co. v. Pub. Utils. Comm'n, 716 F.2d 1285, 1290 (9th Cir. 1983) (citing 28 U.S.C. § 1738). The Full Faith and Credit Act "requires federal courts to apply the *res judicata* rules of a particular state to judgments issued by courts of that state." Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988) (citing Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 523 (1986)).

Under California law, for claim preclusion to apply, three conditions must be met: (1) the first case involved the same claim or cause of action as the subsequent case; (2) the cases involve the same parties, and (3) there was a final judgement on the merits in the first suit. DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015) (citations omitted). In determining whether the case or controversy is the same, California applies the "primary rights theory." Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 797 (2010) (quoting Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975)). Under the primary rights theory, "[t]he cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." Id. at 798 (citing Bay Cities Paving & Grading, Inc. v. Laws.' Mut. Ins. Co., 5 Cal.4th 854, 860 (1993)).

> Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief.

Id. (internal quotation marks omitted) (quoting Slater, 15 Cal. 3d at 795). Additionally, "the party against whom preclusion is urged must have had a 'full and fair opportunity' to litigate his claim." Clements v. Airport Auth. of Washoe Cnty., 69 F.3d 321, 328 (9th Cir. 1995) (citing Kremer v. Chem. Constr. Corp., 546 U.S. 461, 480-82 (1982)).

### E. Dudley I

On March 28, 2016,[1] plaintiff filed a medical malpractice claim in Solano County Superior Court against several defendants, including defendant Kohler. ECF No. 24 at 5-24. Plaintiff's complaint alleged that on April 30, 2015, he suffered an Achilles tendon injury and that Kohler's negligent treatment resulted in seventy days of extreme pain, diminished quality of life, and permanent injury to the tendon. Id. at 14-15. Specifically, the complaint alleged that Kohler failed to conduct the "Thompson Test," order an MRI, prescribe pain relieving medication, or provide an assistive walking device during her initial examination of plaintiff. Id. at 15.

On May 3, 2018, plaintiff filed a motion for summary judgement contending that there was no defense for defendants' actions and that they failed to provide adequate medical care. Id. at 29-43. On July 23, 2018, defendants filed a motion for summary judgement that argued in relevant part that Kohler was not negligent. Id. at 121-36. Defendants' motion for summary judgement was granted on the ground that after defendants met their burden of demonstrating that a cause of action could not be established, plaintiff failed to demonstrate the existence of a triable issue of material fact. Id. at 139-41.

### F. Discussion

#### a. Same Claim or Cause of Action

Defendant argues that although Dudley I asserted a medical negligence claim and the

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

present case claims an Eighth Amendment violation, both complaints cover events between April 30, 2015 and July 10, 2015, and make identical allegations against Kohler regarding the "Thompson Test" and lack of diagnosis. ECF No 23. At 6. Accordingly, claim preclusion applies to the instant case because the facts and allegations underlying both claims are the same and therefore implicate the same primary right. Id. Plaintiff freely admits that the factual basis for the two claims is the same, but argues that the claims are based on two different legal theories. ECF No. 25 at 3, 6-7.

Despite the difference in legal theory, both complaints seek recovery for what plaintiff asserts was a lack of appropriate medical care by Kohler, resulting in additional pain and suffering. In both cases, the injury is the same, physical pain suffered by plaintiff, and the alleged wrong is the same: failure by Kohler to use the "Thompson Test" to accurately diagnosis plaintiff's injury and failure to provide treatment to alleviate the pain. There is nothing to materially distinguish the claims other than the underlying legal theory, which is insufficient to establish a different cause of action. Accordingly, the undersigned finds that both actions implicate the same primary right.

b. Identical Parties

Dudley I was brought by plaintiff and named three defendants, including Kohler. The current case therefore clearly involves the same parties as the prior action.

c. Final Judgement

Dudley I, including claims against Kohler, was litigated in state court and resulted in an entry of summary judgement in defendants' favor. ECF No. 24 at 143-46. Plaintiff admits that the claims were litigated to final judgment on the merits, ECF No. 25 at 2, 4, 6, and following the decision, plaintiff did not appeal the judgement. Instead, plaintiff argues that because he filed the instant suit before final judgement was issued in Dudley I, claim preclusion should not apply. Id. at 5.

There is no legal support for plaintiff's argument because "[w]hen the same claim or issue is litigated in two courts, the second court to reach judgement should give *res judicata* effect to the judgement of the first, regardless of the order in which the two actions were filed."

Americana Fabrics, Inc. v. L & L Textiles, Inc., 754 F. 2d 1524, 1529 (9th Cir. 1985) (citations omitted); see also AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1151 (9th Cir. 2007) (when claims are concurrently litigated in federal and state court, "whichever court rules first will, via the doctrines of res judicata and collateral estoppel, preclude the other from deciding that claim or issue" (citations omitted)). Accordingly, the fact that this action was initiated prior to the entry of final judgement in Dudley I is immaterial to whether claim preclusion applies.

          d. Full and Fair Opportunity to Litigate

Defendant asserts that plaintiff was given a full and fair opportunity to litigate his claim in state court, as evidenced by the fact that he propounded discovery, filed motions to compel, moved for summary judgment, and filed an opposition to defendants' motion for summary judgment. ECF No. 23 at 7. In response, plaintiff asserts that the state court did not have jurisdiction to address an Eighth Amendment violation. ECF 25 at 3. However, contrary to this assertion, "state courts of 'general jurisdiction' can adjudicate cases invoking federal statutes, such as § 1983, absent congressional specification to the contrary," Nevada v. Hicks, 533 U.S. 353, 366 (2001), and the Solano County Superior Court had jurisdiction to hear plaintiff's Eighth Amendment claim, had it been included in the initial suit, Clark v. Yosemite Cmty. Coll. Dist., 785 F.2d 781, 786 (9th Cir. 1986) ("A section 1983 claim may be brought in California state courts." (citations omitted)); Quigley v. Garden Valley Fire Prot. Dist., 7 Cal. 5th 798, 808 (2019) ("California's superior courts are courts of general jurisdiction" (citations omitted)).

Plaintiff further argues that his current claim should not be precluded because the superior court declined to "surrender jurisdiction" of his state law claims and this court declined to take supplemental jurisdiction over his state tort claims. ECF No. 25 at 2, 6-7. However, plaintiff did not plead his state law claims in this court, so there was no opportunity for this court to consider exercising supplemental jurisdiction. This court cannot simply take over a case from the state courts or decide to exercise supplemental jurisdiction of its own volition if plaintiff has not pled the relevant state law claims. Nor did the fact that plaintiff notified this court of his state court action obligate the court to instruct plaintiff on how to pursue his claims. See Pliler v. Ford, 542

////

U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

Accordingly, plaintiff could have brought his Eighth Amendment claim in the state court, and the fact that he did not does not mean that he was not afforded a full and fair opportunity to litigate his claim in the state court.

### G. Conclusion

For the reasons set forth above, the undersigned finds that plaintiff's claims in this action are barred by the judgment in <u>Dudley I</u> because the underlying facts in both cases serve the same primary right, the parties to the actions are the same, there was a final judgement on the merits in the previous action, and plaintiff had a full and fair opportunity to litigate his claims in the state court action.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice, ECF No. 24, is GRANTED.

2. Defendant's motion to strike plaintiff's unauthorized sur-reply, ECF No. 28, is GRANTED

IT IS FURTHER RECOMMENDED that defendant's motion to dismiss, ECF No. 23, be GRANTED and this action be DISMISSED as barred by claim preclusion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE